Rachel Kosmal McCart, OSB #091303
Email: rachel@preservelegalsolutions.com
Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| GARY RODNEY SHOULTZ and JUDY ANN SHOULTZ, | ) ) ) | Case No. 3:18-cv-1445 |
| Plaintiffs | ) ) ) | **COMPLAINT** |
| v. | ) ) | For Violation of |
| PATRICK LEE DERRICK, KATHERINE KINSLOW, JUDITH E. LUCKE and SAMUEL STOCKS-LADD, | ) ) ) ) | 18 USC § 1962 |
| Defendants | ) ) ) | |

COME NOW, Plaintiffs Gary Rodney Shoultz and Judy Ann Shoultz ("Plaintiffs"), and hereby allege as follows.

## **INTRODUCTION**

1.

Plaintiffs are Oregon residents who own property in the immediate vicinity of the property located at 25251 South Elwood Road in Colton, Oregon (the "Elwood Property"). Plaintiffs have been damaged by a criminal enterprise (the "Marijuana Operation") producing

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email: rachel@preservelegalsolutions.com

marijuana at the Elwood Property.  Plaintiffs seek redress under the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), which requires those who engage in racketeering activity,

including the production and distribution of marijuana as a controlled substance, to pay treble

damages, reasonable attorneys' fees and costs to those whom they injure.

## JURISDICTION AND VENUE

2.

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims brought

under 18 U.S.C. § 1964.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events

giving rise to this action took place in, and continue to take place in, Clackamas County, Oregon.

## PARTIES

4.

Plaintiffs are each natural persons who own and reside on real property located at 25553

South Elwood Road, Colton, Oregon ("Plaintiffs' Property").

5.

Defendant Patrick Lee Derrick ("Defendant Derrick") is a natural person resident in

Colton, Oregon.  As further described herein, Defendant Derrick invested capital in the

Marijuana Operation, developed the Elwood Property for marijuana production by the Marijuana

Operation, produced marijuana on the Elwood Property for the Marijuana Operation, trafficked

marijuana produced by the Marijuana Operation and knowingly received proceeds from such

trafficking.

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

6.

Defendant Katherine Kinslow ("Defendant Kinslow") is a natural person resident in Colton, Oregon.  As further described herein, Defendant Kinslow invested capital in the Marijuana Operation, developed the Elwood Property for marijuana production by the Marijuana Operation, produced marijuana on the Elwood Property for the Marijuana Operation, trafficked marijuana produced by the Marijuana Operation and knowingly received proceeds from such trafficking.

7.

Defendant Judith E. Lucke ("Defendant Lucke") is a natural person resident in Colton, Oregon.  As further described herein, Defendant Lucke invested capital in the Marijuana Operation, acquired the Elwood Property for the purpose of marijuana production by the Marijuana Operation, developed the Elwood Property for marijuana production by the Marijuana Operation, produced marijuana on the Elwood Property for the Marijuana Operation, trafficked marijuana produced by the Marijuana Operation and knowingly received proceeds from such trafficking.

8.

Defendant Samuel Kagan Stocks-Ladd ("Defendant Stocks-Ladd") is a natural person resident in Portland, Oregon.  As further described herein, Defendant Stocks-Ladd invested capital in the Marijuana Operation, developed the Elwood Property for marijuana production by the Marijuana Operation, produced marijuana on the Elwood Property for the Marijuana Operation, trafficked marijuana produced by the Marijuana Operation and knowingly received proceeds from such trafficking.

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### How the Marijuana Operation Came to the Elwood Property

9.

As of 2014, Defendants were in the business of producing and trafficking marijuana.  On or about April 2014, Defendants agreed that Defendant Lucke would seek and acquire property in Clackamas County, Oregon for the purpose of producing marijuana for the Marijuana Operation.  On or about April 2014, Defendant Lucke purchased the Elwood Property for this purpose.

10.

On or about April 2014, Defendants agreed to develop the Elwood Property to produce marijuana, and to purchase and install equipment, fixtures and materials on the Elwood Property for such purpose. Each of the Defendants further agreed with each other that they would each make a financial investment in the Marijuana Operation, and in exchange, each of them would receive a portion of the proceeds from the Marijuana Operation.

11.

Beginning on or about April 2014, Defendants each engaged in a series of financial transactions via which they invested money in the Marijuana Operation.

### Conversion of the Elwood Property
### Into a Marijuana Production Site

12.

Beginning on or about April 2014, Defendants established the marijuana production operation on the Elwood Property.  Defendants purchased and installed the following items on

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

the Elwood Property for the purpose of producing marijuana: Two large commercial greenhouses, tables, insulation, lighting, fans, climate control equipment and fixtures, electrical circuits, plumbing and fixtures. Defendants also purchased and brought to the Elwood Property the following items for the purpose of producing marijuana: Marijuana plants, planting media, plant containers, netting, pallets, diesel fuel, fungicides, fertilizers, pest control equipment and supplies, hand tools, trimming equipment, and packaging materials. Further, Defendants converted a small greenhouse and pole building on the Elwood Property for use in marijuana production.

13.

By on or about early 2015, Defendants had transformed the Elwood Property into a fully operational commercial marijuana production facility. Defendants produced marijuana on the Elwood Property and, in a series of transactions, trafficked that marijuana to third parties. Each Defendant received a portion of the proceeds from such trafficking.

**Medical Marijuana Card Stacking on the Elwood Property**

14.

On or about April 2014, Defendants agreed to recruit persons who already had or could easily obtain medical marijuana cards to register the Elwood Property as their designated marijuana grow site. Beginning on or about April 2014, Defendants fulfilled this plan. The purpose of having the Elwood Property registered with the Oregon Health Authority ("OHA") as a medical marijuana grow site was to provide a cloak of legitimacy for the commercial-scale marijuana production taking place on the Elwood Property and provide a means by which the Marijuana Operation could sell marijuana to state-licensed wholesalers and retail outlets.

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email: rachel@preservelegalsolutions.com

**The Marijuana Operation's Impact on Plaintiffs and Their Property**

15.

Plaintiffs' Property consists of approximately 4.97 acres.    Plaintiffs, who are retired

senior citizens, purchased Plaintiffs' Property in 1980 as raw land, built their family home and

raised two children there.  The western boundary of Plaintiffs' Property is approximately 300

feet from the eastern boundary of the Elwood Property, and Plaintiffs' home is approximately

145 feet from the western boundary of Plaintiffs' Property.  As a result, Plaintiffs' home is less

than 500 feet from the Elwood Property.

16.

Defendants produce marijuana in the two 96' x 30' commercial greenhouses Defendants

erected on the Elwood Property, as well as in a smaller greenhouse and a pole building.  The two

large greenhouses are equipped with large, commercial exhaust fans, which operate 24 hours a

day, seven days a week.  Typically, the noise generated by such fans increases in intensity at

night, to the point where the decibel level on Plaintiffs' Property is comparable to living next to

an industrial park. At night during the summer months and on warmer days, the intense noise

from the greenhouse fans invades Plaintiffs' home, becoming so unbearably loud that Plaintiffs

have difficulty sleeping at night. Plaintiffs' home is not air-conditioned, but Plaintiffs cannot

open their windows to let in fresh air and cool breezes without also letting in the persistent

greenhouse fan racket.  Plaintiffs often have to turn up their television in an attempt to drown out

the greenhouse fan noise, which invades Plaintiffs' home to the extent that Plaintiffs even have

to close all of the interior doors in their house to try to dampen the sound entering through closed

windows and the bathroom exhaust vent.  At times, the sound from the greenhouse fans is so

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

loud that Plaintiffs' dog is afraid to go outside.

17.

Particularly on warm and/or humid days, the pervasive stench of marijuana invades Plaintiffs' Property.  From time to time, the pungent odor is so strong that visitors to Plaintiffs' home can smell it from inside their closed vehicles, and some visitors have even inquired whether Plaintiffs are having trouble with skunks on their property.

18.

Prior to the arrival of the Marijuana Operation on the Elwood Property, Plaintiffs' yard was their sanctuary.   Carefully tended flowers surround Plaintiffs' home, hummingbirds buzz around multiple feeders, and vegetables flourish in the raised beds in Plaintiffs' yard.  But since early 2015, whenever the greenhouse fans on the Elwood Property are operating at high speeds and/or the pervasive stench of marijuana emanates from the Elwood Property and invades Plaintiffs' Property, Plaintiffs cannot enjoy gardening or even being outside at all.   When the fans are running at high speeds, Plaintiffs are forced to wear hearing protection just to mow their lawn and work in their own flowerbeds. As a direct result of the odors and noise generated by the Marijuana Operation on the Elwood Property, Plaintiffs' use and enjoyment of their property is significantly reduced.

19.

At approximately 7:30 a.m. on Sunday, October 15, 2017, participants in the Marijuana Operation on the Elwood Property repeatedly fired automatic weapons into the field immediately adjacent to Plaintiffs' Property as an apparent attempt to harass and intimidate Plaintiffs.  As a result, Plaintiffs are justifiably concerned about the prospect of violence, further reducing

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

Plaintiffs' enjoyment of their own property.

20.

The marijuana production operation on the Elwood Property not only unreasonably interferes with Plaintiffs' quiet enjoyment of their property, the Marijuana Operation also has a material adverse impact on the market value of Plaintiffs' Property. No prospective purchaser who visits Plaintiffs' Property for more than a few minutes on a warm or humid day could fail to notice the pungent stench of marijuana emanating from the Elwood Property.  If the greenhouse fans on the Elwood Property are running at high speeds, the noise would be immediately apparent to any prospective purchaser.  As a result, Plaintiffs' Property is worth materially less than it otherwise would be, and will be harder to sell at any price.

## FACTUAL ALLEGATIONS COMMON TO ALL RICO CLAIMS

### Federal Law Prohibits the Production and Distribution of Marijuana

21.

Marijuana is a Schedule I drug under the Controlled Substances Act of 1970 ("Controlled Substances Act"), and its manufacture, distribution and possession are federal criminal offenses. *See* 21 U.S.C. § 812, 823, 841, 844.   In addition to prohibiting producing, possessing and selling marijuana, the Controlled Substances Act also forbids a wide range of other activities connected with the operations of a marijuana business.  It is a crime to possess "any equipment, chemical, product or material" with the intent of using it to manufacture marijuana, or to distribute any such material with the knowledge that it will be used to manufacture marijuana.  *Id.*, § 843(a)(6) and (7).  The Controlled Substances Act prohibits using a telephone, email, mail or any other "communication facility" to further the manufacture or sale of marijuana, and it is a federal

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

crime to use the Internet to advertise marijuana for sale.  *Id.*, § 843(b) and 843(c)(2)(A).

Reinvesting the proceeds from marijuana operations is also a crime, as is knowingly facilitating a

financial transaction involving funds derived from manufacturing and selling marijuana.  *Id.*, §

854(a) and 18 U.S.C. § 1956(a)(1), 1956(h) and 1957(a).

22.

These criminal prohibitions on virtually every aspect of the marijuana business make the

federal policy unmistakably clear:  Marijuana is a dangerous drug banned throughout the United

States.  And because RICO defines most Controlled Substances Act violations as "racketeering

activity," any business engaged in the production and sale of marijuana is a criminal enterprise

for the purposes of federal law.  18 U.S.C. § 1961(1)(D).  Those who conduct, participate in or

conspire to assist such enterprises are subject to the severe criminal sanctions and civil liability

RICO imposes.

23.

Despite the strict federal prohibitions on virtually every aspect of the marijuana business,

Oregon has adopted a regulatory scheme intended to promote, regulate and tax this illegal

industry.  However, the State of Oregon has no power to do so. The Supremacy Clause contained

in Article VI of the United States Constitution provides the "Constitution and the Laws of the

United States" are "the supreme Law of the Land." Accordingly, state laws contrary to federal

law are null and void.  If the citizens of Oregon want to change marijuana law, they must do so

via their elected representatives in Congress, not at the state ballot box.

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

**Defendants Violated the Controlled Substances Act**

**And Engaged in Money Laundering**

24.

Each Defendant is an individual or entity capable of holding a legal or beneficial interest in property.

25.

For their mutual and individual profit, all Defendants formed the Marijuana Operation, an association in fact, for the purpose of producing and distributing marijuana. Given the strict federal prohibitions against each of those purposes, Defendants knew these purposes could only be accomplished via a pattern of racketeering. In furtherance of that goal, Defendants pooled their resources and achieved enterprise efficiency that no one Defendant could have achieved individually.

26.

Defendants conspired with each other to: (1) Violate 21 U.S.C. § 856(a)(1) by knowingly maintaining and using the Elwood Property for the purpose of producing marijuana; (2) violate 21 U.S.C. § 856(a)(2) by owning and controlling the Elwood Property and knowingly making it available for use as a marijuana production facility; (3) violate 21 U.S.C. § 843(a)(6) by purchasing and installing equipment, fixtures and materials on the Elwood Property for the purposes of producing marijuana; and (4) violate 21 U.S.C. § 841(a)(1) by producing marijuana, possessing marijuana with intent to distribute it, and distributing marijuana.

27.

Defendants each violated 21 U.S.C. § 856(a)(1) by knowingly using the Elwood Property

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

for the purpose of producing marijuana; violated 21 U.S.C. § 856(a)(2) by owning and/or controlling the Elwood Property and knowingly making it available for use as a marijuana production facility; violated 21 U.S.C. § 843(a)(6) by purchasing and installing equipment, fixtures and materials on the Elwood Property for the purposes of producing marijuana; and violated 21 U.S.C. § 841(a)(1) by producing marijuana, possessing marijuana with intent to distribute it, and distributing marijuana.

28.

To facilitate their violations of the Controlled Substances Act, each of the Defendants violated 21 U.S.C. § 843(b) by knowingly communicating via telephone, text messaging, email and social media.

29.

Each Defendant violated 18 U.S.C. § 1956(a)(1)(A)(i) by engaging in a series of financial transactions in which such Defendant knowingly received proceeds from the production and distribution of marijuana, including marijuana produced on the Elwood Property, with the intent to promote such illegal activities.

30.

Each Defendant violated 18 U.S.C. § 1956(a)(1)(B)(i) by knowingly engaging in a series of financial transactions involving the proceeds of marijuana production and distribution that such Defendant knew were designed to conceal the illegal nature and/or source of such proceeds.

**The Marijuana Operation Affected Interstate Commerce**

31.

In August 2018, the Oregon-Idaho High Intensity Drug Trafficking Area published a

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

report entitled "An Initial Assessment of Cannabis Production, Distribution and Consumption in Oregon 2018 – An Insight Report."  Among the "key law enforcement findings" identified in the report is that "Illicit distribution of cannabis has persisted after the emergence of the state-sanctioned market.  Between July 2015 and January 2018, 6,602 kg (14,550 lb) of trafficked Oregon cannabis was seized en route to 37 states – worth more than $48 million."

32.

The Marijuana Operation directly affected interstate commerce.  Each Defendant received proceeds from the production, processing and distribution of marijuana, deposited proceeds into the federal banking system, and used proceeds to purchase goods and services that traveled in interstate commerce.  The Marijuana Operation, including marijuana production on the Elwood Property, was developed and operated with funds, goods and services that traveled in interstate commerce.

**FIRST CLAIM FOR RELIEF**

**Violation of 18 U.S.C. § 1962(c) and (d)**

**Against All Defendants**

33.

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

34.

As described herein, at all relevant times, the Marijuana Operation was an "association in fact" and therefore an "enterprise" as defined in 18 U.S.C. § 1961(4).

35.

As described herein, each Defendant directed and/or conducted the affairs of the

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com

Marijuana Operation.

36.

As described herein, each Defendant violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), and each Defendant also violated 18 U.S.C. § 1962(c) by conducting and/or participating in the Marijuana Operation's affairs through a pattern of racketeering.

37.

As described herein, the Marijuana Operation's activities affected interstate commerce.

38.

As described herein, Defendants' violations of 18 U.S.C. § 1962(c) and (d) directly and proximately injured Plaintiffs' Property by interfering with Plaintiffs' use and enjoyment of Plaintiffs' Property, burdening it with noise pollution, diminishing its market value and making it more difficult to sell.

39.

Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to treble damages for the injury to Plaintiffs' Property, and to attorneys' fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

First Claim for Relief - Violation of 18 U.S.C. § 1962(c) and (d)

Against All Defendants

1.  For three times the damages to Plaintiffs' Property caused by Defendants' racketeering activities;

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email: rachel@preservelegalsolutions.com

2.      For an award of attorneys' fees and costs; and

3.      For such other and further relief as the Court shall deem equitable.

DATED August 3, 2018


/s/ Rachel E. Kosmal McCart
Rachel E. Kosmal McCart, Esq., OSB 190172
Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Attorney for Plaintiffs

Preserve Legal Solutions, PC
24150 S. Highland Crest Dr.
Beavercreek, OR 97004
Telephone: (844) 468-2388
Fax: (503) 343-9680
Email:  rachel@preservelegalsolutions.com