IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY RODNEY SHOULTZ and
JUDY ANN SHOULTZ,

        Plaintiffs,

   v.

PATRICK LEE DERRICK,
KATHERINE KINSLOW, JUDITH
E. LUCKE and SAMUEL STOCKS-
LADD,

        Defendants.

No. 3:18-cv-01445-HZ

OPINION & ORDER

Rachel E. McCart
PRESERVE LEGAL SOLUTIONS, PC
23582 S Day Hill Rd.
Estacada, OR 97023

   Attorney for Plaintiffs

///

1- OPINION & ORDER

Joshua DeCristo
JDC LAW, LLC
P.O. BOX 28385
805 SW Broadway, Suite 2400
Portland, OR 97205

>Attorney for Defendants

HERNÁNDEZ, District Judge:

Plaintiffs Gary Rodney Shoultz and Judy Ann Shoultz (collectively, "Plaintiffs") allege that Defendants Patrick Lee Derrick, Katherine Kinslow, Judith E. Lucke, and Samuel Stocks-Ladd (collectively, "Defendants") have conspired and engaged in a pattern of racketeering activity, in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). According to Plaintiffs, Defendants violated RICO by forming an enterprise, on a property adjacent to where Plaintiffs live, for the purpose of producing and distributing marijuana. Plaintiffs allege that Defendants have interfered with Plaintiffs' use and enjoyment of their property, and that Defendants harmed Plaintiffs by diminishing the value of their property.

Defendants move to dismiss Plaintiffs' Complaint for two reasons: (1) Plaintiffs fail to establish two of the elements of a RICO claim—that Defendants conduct or participate in the conduct of an association-in-fact enterprise, and that the alleged marijuana operation in this case is an association-in-fact, as defined by RICO; and (2) Plaintiffs fail to establish RICO standing because they do not allege injuries compensable under RICO. The Court grants Defendants' motion to dismiss because Plaintiffs fail to allege injuries compensable under RICO.

## BACKGROUND

Plaintiffs, retired senior citizens, bought property in Colton, Oregon, in 1980. Compl. ¶ 1, 15, ECF 1. They built a home, raised a family, and continue to live on the property. *Id.* In 2014,

Defendant Lucke purchased property (the "Elwood Property") in the immediate vicinity of Plaintiffs' home. *Id.*

Lucke, along with Defendants Derrick, Kinslow, and Stocks-Ladd, invested capital and developed a marijuana production facility (the "marijuana operation") on the Elwood Property. *Id.* at ¶¶ 5-8. Defendants have produced marijuana on the Elwood Property, trafficked marijuana produced on the Elwood Property, and "knowingly received proceeds from such trafficking." *Id.*

Defendants' marijuana operation has negatively impacted Plaintiffs by interfering with their use and enjoyment of their property. *Id.* at ¶ 38. The production includes the use of two large greenhouses, equipped with loud, large, commercial exhaust fans which operate 24 hours a day, seven days a week. *Id.* at ¶ 16. When they are running at high speeds, the intense noise from the fans can be unbearably loud, making it difficult for Plaintiffs to sleep and scaring Plaintiffs' dog. *Id.* at ¶ 16, 20. In addition, the marijuana production creates a strong and pervasive stench on Plaintiffs' property, particularly on warm or humid days. *Id.* at ¶¶ 17, 20. As a result of the noise and the odors from the marijuana production, Plaintiffs no longer enjoy gardening or being outside on their property. *Id.* at ¶ 18. Plaintiffs are also afraid of the prospect of violence after participants in the marijuana operation repeatedly fired automatic weapons into the field immediately adjacent to Plaintiffs' property on October 15, 2017. *Id.* at ¶19. Plaintiffs allege that Defendants have diminished the market value of Plaintiffs' property by "making it more difficult to sell." *Id.* at ¶ 38.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party.  *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  However, the court need not accept unsupported conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); s*ee also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks and alterations omitted).

## DISCUSSION

To maintain a federal civil RICO claim, a plaintiff must allege that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also Black v. Corvel Enter. Comp Inc.*, No. 17-55956, 2018 WL 6620082, at *1 (9th Cir. Dec. 17, 2018). In addition, a plaintiff must establish that the defendant "caused injury to plaintiff's business or property." *Id.*

Here, Defendants challenge the first and second elements of Plaintiffs' claim. Defendants argue that Plaintiffs fail to set forth adequate allegations as to Defendants' conduct and the characterization of the marijuana operation as an "association-in-fact enterprise." In addition, Defendants contend that Plaintiffs fail to establish RICO standing because they do not allege injuries compensable under RICO.

The Court agrees with Defendants as to Plaintiffs' failure to allege compensable injuries and, thus, dismisses the case. However, because the Court grants Plaintiffs leave to amend, it provides its analysis on all of Defendants' grounds for moving to dismiss the case.

I.  **Conduct**

Defendants argue that Plaintiffs fail to plausibly allege that Defendants conduct or participate in the conduct of the marijuana operation. While the Court acknowledges the generalized nature of Plaintiffs' allegations, it finds that they are adequate to withstand a motion to dismiss for failure to state a claim.[1]

The Ninth Circuit has explained that, in order for a defendant to conduct or participate in the conduct of an enterprise, the defendant must have "some part of directing its affairs." *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (citing *Reves v. Ernst & Young*, 507 U.S. 170 (1993) as controlling authority on the question of "conduct" in a RICO case). While "[s]imply performing services for the enterprise does not rise to the level of direction," a defendant can be a part of an enterprise "without having a role in its management and operation." *Id.*

Plaintiffs allege the existence of a criminal enterprise, the "marijuana operation," created by Defendants. Compl. ¶ 1. Plaintiffs allege that Defendants agreed that Lucke would acquire the Elwood Property for the purpose of marijuana production by the marijuana operation. *Id.* at ¶¶ 7, 8. In addition, Plaintiffs allege that each defendant engaged in the following: (1) invested capital in the marijuana operation, (2) developed the Elwood Property for marijuana production by the marijuana operation, (3) produced marijuana on the Elwood Property for the marijuana operation, (4) trafficked marijuana produced by the marijuana operation, and (5) knowingly received proceeds from such trafficking. *Id.* at ¶¶ 5-8. In furtherance of the goal of producing and

---

[1] Defendants raise for the first time in their Reply that the Complaint fails to satisfy the notice requirements of Rule 8 and the separate statements requirement of Rule 10. The Court declines to address these arguments because they were raised for the first time in Defendants' Reply. *See, e.g., Turtle Island Restoration Network v. U.S. Dep't of Commerce,* 672 F.3d 1160, 1166 n. 8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived."). Further, to the extent Defendants move to dismiss under Rule 8 or Rule 10, motions may not be raised in responsive briefings under Local Rule 7(b) ("Motions may not be combined with any response, reply, or other pleading.").

distributing marijuana, "Defendants pooled their resources and achieved enterprise efficiency that no one Defendant could have achieved individually." *Id.* at ¶ 25.

Such allegations are sufficient to show that each defendant has "some part" in directing the affairs of the marijuana operation. Their roles in the marijuana operation go far beyond the level of participation in the cases cited by Defendants. For example, Defendants cite *Walter v. Drayson*, a case in which an attorney who provided legal services to trustees was found to have played no part in directing the enterprise's affairs because she did not occupy a position in the chain of command, she did not knowingly implement decisions of upper management, she was not indispensable to achievement of the enterprise's goal, and she was not vital to the enterprise's success. 538 F.3d at 1249. The Court concluded that the attorney played no part in directing the affairs of the enterprise. *Id.* Similarly, in *Baumer v. Pachl,* an attorney who had a sporadic role in the enterprise, held no formal position, and played no part in directing the affairs was not liable under RICO. 8 F.3d 1341 (9th Cir. 1993) (applying the *Reves* test to determine "conduct").

In contrast, all defendants in this case are alleged to have played significant roles in directing the affairs of the marijuana operation, including producing and trafficking the marijuana. As the case proceeds, Plaintiffs will have to produce evidence to support these allegations as to each defendant. However, at this stage, Plaintiffs have adequately alleged Defendants' conduct in the enterprise.

## II. Enterprise

RICO defines the term "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "This expansive definition is 'not very

demanding.'" *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (quoting *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007)). "An associated-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Odom,* 486 F.3d at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Such an enterprise has three elements: (1) a common purpose, (2) an ongoing organization, and (3) a continuing unit. *Christensen*, 828 F.3d at 780. Defendants challenge Plaintiffs' pleading of each of the three elements of an associated-in-fact enterprise.

Defendants argue that the "common purpose" element is unmet when the alleged association-in-fact is "merely a routine contract for services." Def.'s Mot. Dismiss 15 (quoting *Gomez v. Guthy-Renker, LLC*, No. EDCV1401425JGBKKX, 2015 WL 4270042, at *9 (C.D. Cal. July 13, 2015). That may be true, but Plaintiffs do not allege a contract for services. Instead, the Complaint alleges that Defendants created the marijuana operation and have each contributed to the operation for the "purpose of producing and distributing marijuana." Compl. ¶ 25. Plaintiffs do not allege that Defendants are pursuing individual economic interests or that any individual defendant is contracting his or her services to another defendant. Thus, Plaintiffs' allegation of a common purpose is sufficient. *See, e.g., Odom,* 486 F.3d at 522 (denying Rule 12(b)(6) motion where plaintiffs sufficiently alleged that defendants Best Buy and Microsoft associated for the "common purpose" of increasing the number of people using Microsoft's Internet Service).

Plaintiffs also adequately allege an ongoing organization. An ongoing organization is "a vehicle for the commission of two or more predicate crimes," but does not require any particular organizational structure or formality. *Odom,* 486 F.3d at 551-52. According to Plaintiffs, Defendants formed a marijuana operation for the commission of at least two predicate crimes,

including producing, possessing, and selling marijuana in violation of the Controlled Substances Act; as well as money laundering.[2] Compl. ¶¶ 21-30. Defendants purchased and installed equipment, fixtures, and materials to develop the Elwood Property into a marijuana operation. *Id.* at ¶ 10. Starting in early 2015, they trafficked the marijuana to third parties in a series of transactions. *Id.* at ¶ 13. They also engaged in a series of financial transactions in which they received proceeds from the production and distribution of marijuana. *Id.* at ¶¶ 29-30. Such allegations demonstrate an interconnectedness between Defendants and shared financial connections sufficient to allege an ongoing organization.

Finally, Plaintiffs have sufficiently alleged that Defendants function as a continuing unit. "The continuity requirement focuses on whether the associates' behavior was ongoing rather than isolated activity." *Odom*, 486 F.3d at 553 (internal quotation omitted). In *Odom*, the Court found an "almost two-year time span" to be "far more than adequate" to establish functioning as a continuing unit. *Id.* Here, Plaintiffs allege that Defendants have been engaged in the marijuana operation since April of 2014. Compl. ¶ 9. This five-year span is sufficient to establish continuity. Defendants argue that Plaintiffs' allegations leave room for the "more obvious alternative explanation" of single, isolated transactions between medical marijuana grower and

---

[2] Plaintiffs satisfy the pleading standard based on their allegations regarding the predicate crimes of violations of the Controlled Substances Act. The Court notes, however, that allegations of money laundering may constitute a predicate act involving fraud, in which case the heightened standard of Rule 9(b) would apply. *See e.g., Desoto v. Condon,* 371 F. App'x 822, 824 (9th Cir. 2010) (money laundering allegations required allegation of requisite intent to launder funds in furtherance of a RICO scheme); *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065–66 (9th Cir. 2004); *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 160 F. Supp. 3d 1214, 1220 (D. Or. 2016) ("The heightened standard of Rule 9(b) also applies to RICO claims alleging predicate acts involving fraud."); *Best Deals on TV, Inc. v. Naveed,* No. C 07-1610 SBA, 2007 WL 2825652, at *7 (N.D. Cal. Sept. 26, 2007) ("Most courts have held that allegations of money laundering must satisfy Rule 9(b)'s requirements because money laundering involves an element of fraud."). Because Defendants did not challenge Plaintiffs' Complaint under Rule 9, the Court does not independently address whether Plaintiffs' Complaint as to money laundering complies with a heightened pleading standard.

patient instead of a series of marijuana trafficking transactions. Defs.' Mot. Dismiss 17. At the motion to dismiss stage, however, the Court is not tasked with hypothesizing about alternative explanations for Defendants' actions. Instead, the Court looks to the facts as alleged by Plaintiffs. Because the allegations state a facially plausible claim of an enterprise, dismissing the claim in favor of an alternative explanation would be inappropriate. In sum, Plaintiffs adequately plead the existence of an associated-in-fact enterprise.

## III. Injuries

Despite the Court's rulings as to the two elements discussed above, the Court agrees with Defendants that Plaintiffs fail to state a claim because they do not plead a compensable injury under RICO.

A civil RICO plaintiff "only has standing[3] if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); 18 U.S.C. § 1964(c). *See also Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008) ("RICO standing requires compensable injury and proximate cause."). A plaintiff asserting injury to property must allege that: 1) the injury is proprietary, as opposed to "personal" or "emotional"; and 2) the proprietary injury resulted in "concrete financial loss." *Canyon Cty.*, 519 F.3d at 975; *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc) (*abrogated on other grounds as recognized in Newcal*, 513 F.2d at 1055). Determining whether an interest is proprietary is a question is "typically determined by reference to state law." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc).

---

[3] The question of statutory standing is properly resolved under Rule 12(b)(6). *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 974 n.7 (9th Cir. 2008).

In their Complaint, Plaintiffs allege that Defendants injured Plaintiffs' property interest by "interfering with Plaintiffs' use and enjoyment of Plaintiffs' Property, burdening it with noise pollution, diminishing its market value and making it more difficult to sell." Compl. ¶ 38. However, in their response to Defendants' motion to dismiss, Plaintiffs make clear that their allegations regarding use and enjoyment and noise pollution are not stand-alone allegations of injury but, rather, they are examples of the ways in which Defendants have diminished Plaintiffs' property value.[4] Pls.' Resp. Opp. Mot. Dismiss 8-11, ECF 13.

Defendants do not dispute that a reduction in Plaintiffs' property value is an injury to property. Instead, they argue that Plaintiffs' allegations of a diminished market value of their property are too speculative and conclusory to constitute the "concrete financial loss" required by the Ninth Circuit in a RICO claim. Plaintiffs respond by relying on the Tenth Circuit Court of Appeals' decision in *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865 (2017) for the proposition that Plaintiffs can merely allege a diminution of market value and do not need to plead unsuccessful attempts to sell their property.

Neither party cites a recent case from this District, involving very similar facts and the same plaintiff's attorney as the present case. *See Ainsworth v. Owenby,* 326 F. Supp. 3d 1111 (D. Or. 2018). In *Ainsworth,* which was decided after *Safe Streets Alliance* but before the present motion to dismiss was filed, Judge McShane provides a detailed and thoughtful analysis regarding what is required in the Ninth Circuit to plausibly allege a concrete financial loss

---

[4] Alternatively, if Plaintiffs intended to claim an independent injury based on their impaired use and enjoyment of land, such injury would be a non-compensable personal injury as opposed to an injury to property that could be alleged in a RICO claim. *See Ainsworth v. Owenby,* 326 F. Supp. 3d 1111, 1122 (D. Or. 2018) (explaining that "as a matter of law, Plaintiffs' impaired use and enjoyment of their land is a non-compensable personal injury and collecting cases).

stemming from diminished property value in a RICO case. *Id.* at 1121-26. Further, Judge McShane explains why Plaintiffs' reliance on *Safe Streets Alliance* is unavailing. *Id.* at 1126. The Court adopts Judge McShane's reasoning.

As the *Ainsworth* opinion explains, the Tenth Circuit's *Safe Streets Alliance* decision does not square with Ninth Circuit precedent. *Id.* In *Safe Streets Alliance,* the Tenth Circuit held that the plaintiffs plausibly alleged a reduction in land value by pleading facts regarding the enterprise's foul smells and open operation of a criminal enterprise. *Safe Streets Alliance,* 859 F.3d at 887. The court rejected the notion that the plaintiffs must provide concrete evidence to quantify their financial loss and, instead, held that "it is reasonable to infer that a potential buyer would be less inclined to purchase [plaintiff's] land" due to the neighboring marijuana operation. *Id.* at 887-88. The court expressly rejected the Ninth Circuit's decision in *Oscar v. University Students Cooperative Association*, 965 F.2d 783 (9th Cir. 1992). *Id.* ("[W]e refuse to follow *Oscar's* unsupported announcement that a plaintiff must plead a 'concrete financial loss' to maintain a RICO claim for an injury to her property[.]").

However, "[t]his Court, unlike the Tenth Circuit, is not at liberty to disregard the Ninth Circuit's repeated admonitions that 'concrete financial loss' is an indispensable element of a RICO claim." *Ainsworth*, 326 F. Supp. 3d at 1126. Therefore, in order to plausibly allege a concrete financial loss in this case, Plaintiffs "must make good faith allegations that they attempted or currently desire to convert those [property] interests into a pecuniary form." *Id.* The Complaint, as written, fails to make such allegations.[5] Therefore, the Court grants Defendants' motion to dismiss.

---

[5] Defendants also argue that Plaintiffs' alleged injuries are abatable and, thus, not a concrete financial loss. Because the Court holds that Plaintiffs fail to adequately allege compensable injuries, it declines to consider whether what is alleged is abatable and whether that would affect Plaintiff's ability to plead injury at this stage.

## IV. Effect of the Oregon Right to Farm Act

Defendants argue that the Oregon Right to Farm Act (Oregon Revised Statute § (O.R.S.) 30.930) precludes Plaintiffs' RICO claim and that Defendants are entitled to attorney fees and costs incurred in defending against Plaintiffs' RICO allegations, because the RICO claim is "derived from state-law nuisance allegations." Def.'s Mot. Dismiss 19. Defendants argue that the Oregon Right to Farm Act prohibits nuisance claims based on conditions caused by marijuana production. Defendants also contend that the Oregon Right to Farm Act entitles them to fees and costs associated with defending the RICO claim, "insofar as said defense necessarily requires state law nuisance analysis." *Id.* Defendants point to the Act, which provides for attorney fees and costs to a prevailing party in a nuisance claim arising from a "farming practice." O.R.S. 30.938.

Plaintiffs only bring one claim—a RICO violation under federal law. Whether they are precluded by the Oregon Right to Farm Act, a state law, in bringing a state law nuisance claim is not before this court. Similarly, Defendants are not entitled to attorney fees pursuant to RICO just because Plaintiffs' RICO claim shares factual allegations with what possibly could be alleged in a state-law nuisance claim or because, in their RICO claim, Plaintiffs describe a "farming practice" as defined by Oregon statute. The Court rejects Defendants' argument for attorney fees and costs.

## V. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not

possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995). Therefore, the Court grants Plaintiffs leave to amend the Complaint.

## CONCLUSION

Defendants' motion to dismiss [10] is granted. Plaintiffs are granted leave to amend the Complaint within 14 days of the date below.

IT IS SO ORDERED.

Dated this \_\_\_22\_\_\_ day of \_\_\_Feb\_\_\_, 2019.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge